## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAYNE MORRIS,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>AIRBNB, INC., a California<br>corporation with its offices located in<br>San Francisco, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case No. CIV-19-1157-G<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Now before the Court is the Motion to Compel Arbitration (Doc. No. 3) filed by
Defendant Airbnb, Inc.  Plaintiff Dwayne Morris has filed a Response (Doc. No. 4), to
which Defendant has replied (Doc. No. 7).  Upon consideration of the parties' arguments
and the relevant record, the Court STAYS this matter and REFERS all claims to arbitration.

### I.  Background

On November 12, 2019, Plaintiff filed his operative pleading in state court, alleging
that on June 20, 2019, Plaintiff participated in an "Around the World in 80 Days 'trip of a
lifetime' game of chance offering" offered through Defendant's website.  Am. Compl. ¶¶
3, 8-9 (Doc. No. 1-2).  Plaintiff alleges that he "successfully entered the offering" and then
was required to pay, and did pay, $5150 via credit card to proceed with collecting his prize.
*Id.* ¶¶ 9-15.  Plaintiff also alleges that he submitted to Defendant "his and his spouse's
racial and demographic information."  *Id.* ¶ 49.  Plaintiff was sent a confirmation code, a

receipt, and a link to an itinerary.  *Id.* ¶¶ 16-20.  One day later, "Defendant unilaterally cancelled Plaintiff's reservation and refunded Plaintiff's credit card charge."  *Id.* ¶ 28.

Plaintiff seeks specific performance of the travel package and raises claims of negligence, breach of contract, violation of Oklahoma Consumer Protection Act, "Lottery," and racial discrimination.  *Id.* ¶¶ 58-62.

Defendant removed the action to this Court, alleging diversity jurisdiction between Plaintiff, a citizen of Oklahoma, and Defendant, a citizen of California.[1]  *See* Notice of Removal at 2-3 (citing 28 U.S.C. § 1332).

II.    *Defendant's Motion to Compel Arbitration*

Immediately after removal, Defendant filed its Motion to Compel Arbitration, requesting that the Court stay this action and compel Plaintiff to submit his claims to arbitration pursuant to an arbitration clause included in written Terms of Service ("TOS") that Plaintiff has accepted multiple times on Defendant's website.  *See* Def.'s Mot. at 7-9.

A.    *The Terms of Service and Arbitration Clause*

Defendant's argument and supporting evidence reflect that Defendant "provides an online platform that connects Members and third-parties who wish to offer services . . .

---

[1] Although the Amended Complaint also identifies "John Doe, an entity operating under the name of Global Community Travel a Tennessee Corporation with its office located in Nashville" as a defendant, the docket does not reflect that this entity has been served or is otherwise aware of this lawsuit, and Plaintiff's deadline to effect service has passed.  Am. Compl. at 1; *see* Fed. R. Civ. P. 4(m).  Defendant asserts in the Notice of Removal that due to the lack of service, John Doe's "consent to removal [was] not required."  Notice of Removal at 2 (citing 28 U.S.C. § 1446(b)(2)(A)).  Although this case shall be stayed, the stay is without prejudice to the rights of the parties to seek to reopen the case for any purpose required to obtain a final determination of the litigation.

with third-party travelers seeking to book Host Services."  Miller Decl. ¶ 2 (Doc. No. 3-1). "From time to time, Airbnb offers special promotional opportunities that can take the form [of] special releases, ticket drops, contests, etc.  These are special offerings unique to the platform and may be open for a limited amount of time and for a limited number of guests." *Id.*

"At all times relevant to this litigation, Airbnb users, including [Plaintiff], were required to agree to then-current Terms of Service . . . before they could create an Airbnb account, list or book an accommodation via the Airbnb platform, or send messages via the Airbnb platform."  *Id.* ¶ 5.  Each time Defendant updated its TOS, Airbnb accountholders were required to affirmatively indicate their agreement to the updated TOS "as a condition of their continued use of the Airbnb platform, website, and services."  *Id.* ¶ 7.

On March 29, 2011, Plaintiff created his Airbnb account, became a Member with Defendant via e-mail, and consented to the TOS then in effect.  *Id.* ¶¶ 9, 12.  In addition to indicating his agreement to the TOS by clicking an "Accept" button on that date, Plaintiff assented to the TOS on ten additional occasions: October 5, 2011; April 29, 2014; April 30, 2014; August 10, 2015; June 24, 2016; December 12, 2016; September 2, 2017; June 27, 2018; and March 28, 2019.  *Id.* ¶ 13.

Each version of the TOS issued since August 15, 2011, "has contained a mandatory arbitration provision."  *Id.* ¶ 14; *see also id.* Exs. 3, 5, 6 (Doc. Nos. 3-3, -5, -6).  The version in effect on June 20, 2019 ("TOS Version 10") stated as follows:

> **By accessing or using the Airbnb Platform, you agree to comply with and be bound by these Terms.**

**Please note: Section 19 of these Terms contains an arbitration clause and class action waiver that applies to all Airbnb Members. If your country of residence is the United States, this provision applies to all disputes with Airbnb. . . . . It affects how disputes with Airbnb are resolved. By accepting these Terms, you agree to be bound by this arbitration clause and class action waiver. Please read it carefully.**

. . . .

**19.4   *Agreement to Arbitrate*.   You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or to the use of the Airbnb Platform, the Host Services, the Group Payment Service, or the Collective Content (collectively, "Disputes") will be settled by binding individual arbitration (the "Arbitration Agreement"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue.**

19.5   *Exceptions to Arbitration Agreement*.   You and Airbnb each agree that the following claims are exceptions to the Arbitration Agreement and will be brought in a judicial proceeding in a court of competent jurisdiction: (i) Any claim related to actual or threatened infringement, misappropriation or violation of a party's copyrights, trademarks, trade secrets, patents, or other intellectual property rights; (ii) Any claim seeking emergency injunctive relief based on exigent circumstances (e.g., imminent danger or commission of a crime, hacking, cyber-attack).

19.6   *Arbitration Rules and Governing Law*.   This Arbitration Agreement evidences a transaction in interstate commerce and thus the Federal Arbitration Act governs the interpretation and enforcement of this provision.
…

TOS Version 10 (Jan. 21, 2019) (Doc. No. 3-6), at 1, 20.  TOS Version 10 states that

Plaintiff agreed to this TOS Version 10 on March 28, 2019.  Miller Decl. ¶ 14.

On June 20, 2019, Plaintiff used his Airbnb account to attempt to book the "Around

the World in 80 Days" Adventure experience through Defendant's online platform.  Miller

Decl. ¶ 18; *accord* Am. Compl. ¶ 9.

### B. Discussion

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 475 U.S. 643, 649 (1985). The Court finds that Plaintiff's acceptance of TOS Version 10 formed an agreement between the parties to arbitrate certain disputes. *See Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 957-58 (N.D. Cal. 2015). The question is whether TOS Version 10 and its Paragraph 19.4 (the "Arbitration Clause") apply to the instant dispute regarding the "Around the World in 80 Days" Adventure experience.

Plaintiff contends this dispute does not fall within the scope of that agreement. According to Plaintiff, the TOS "does not apply to a game of chance . . . which is not part of [Defendant's] regular business or platform." Pl.'s Resp. at 2-4 (arguing that the Arbitration Clause does not apply to "Defendant's acts outside the scope of regular business" and that the terms of the game "were markedly different than the regular 'consent to the terms of service' agreement").

The Court disagrees. The Arbitration Clause is broad and covers "any dispute, claim or controversy arising out of or relating to" the TOS or "the use of the Airbnb Platform." TOS Version 10, ¶ 19.4 (emphasis omitted). Special offerings such as the experience Plaintiff sought to win are accessed via the "Airbnb Platform." Miller Decl. ¶¶ 2, 18. Plaintiff applied for and attempted to win the experience via that online platform. Am.

5

Compl. ¶¶ 8-16, 24, 26-27.  The Court concludes that the Arbitration Clause extends to the dispute raised in this action regarding the June 20, 2019 special offering.[2]

Plaintiff further argues that the Arbitration Clause, even if applicable, is not enforceable due to the unconscionable nature of Defendant's "contract of adhesion."  Pl.'s Resp. at 4-5.  The Federal Arbitration Act provides that arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Plaintiff objects that the "Around the World in 80 Days" Adventure experience allowed for "no bargaining" regarding acceptance of the TOS, as participation in the experience required contestants "to quickly input entry data without hesitation," and without time to read all the details, in order to compete for the prize.  *Id.* at 5.

This objection ignores the fact, however, that Plaintiff had reviewed and agreed to the TOS Version 10 on March 28, 2019, nearly three months prior to his use of his account to attempt to book the June 20, 2019 "Around the World in 80 Days" Adventure experience.  Miller Decl. ¶ 14.  There is no argument or evidence presented that Plaintiff

---

[2] Even if there was a question as to coverage, the Arbitration Clause delegates such questions to an arbitrator for resolution.  *See* Arbitration Clause ("If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue." (emphasis omitted)); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract.").  Plaintiff has not raised any separate challenge to the enforceability of the delegation provision.  *See Rent-A-Ctr, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("The additional agreement [to arbitrate a gateway issue] is valid under § 2 'save upon such grounds as exist at law or in equity for the revocation of any contract' . . . ." (quoting 9 U.S.C. § 2)).

was not permitted to review the TOS terms on that occasion or at any time prior.  *Cf.* Miller

Decl. ¶ 7 ("Users were required to click [an electronic button indicating their agreement to

continue to be bound by the updated Terms of Service] before they were able to continue

using Airbnb's services or transact with other users via their Airbnb account."); *id.* ¶

(stating that Defendant's current TOS are publicly available with no account necessary for

access).

Further, even assuming Plaintiff "may be correct" as to the deficiencies in the

parties' agreement, "that is an issue for the arbitrator, not the district court."  *In re Cox*

*Enters., Inc. Set-top Cable Tel. Box Antitrust Litig.*, 835 F.3d 1195, 1201 (10th Cir. 2016).

As explained by the Tenth Circuit,

> Under the FAA, unless the arbitration provision states otherwise, the
> question of the enforceability of a contract as a whole is a matter for the
> arbitrator.  Only if an enforceability argument applies only specifically to the
> arbitration provision (such as a claim that the *provision* is unconscionable or
> that a party was defrauded into agreeing to the arbitration provision) is
> enforceability to be decided by the court.

*Id.* (emphasis added); *accord Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*,

622 F.3d 996, 1000 (9th Cir. 2010).  Plaintiff's attack on the validity of the TOS is "a

challenge to the validity of the contract as a whole, and not specifically to the arbitration

clause," and any such challenge "must go to the arbitrator."  *Buckeye Check Cashing, Inc.*

*v. Cardegna*, 546 U.S. 440, 449 (2006); *accord Prima Paint Corp. v. Flood & Conklin*

*Mfg. Co.*, 388 U.S. 395, 402-06 (1967) (holding that because the plaintiff had claimed

fraudulent inducement of the entire contract, rather than only the arbitration clause,

arbitration of the dispute was required); *Rent-A-Ctr.*, 561 U.S. at 70 (noting that because 9

U.S.C. § 2 states that an arbitration provision "is 'valid, irrevocable, and enforceable' *without mention* of the validity of the contract in which it is contained," "a party's challenge to . . . the contract as a whole . . . does not prevent a court from enforcing a specific agreement to arbitrate").  Because Plaintiff here generally challenges the validity of the agreement formed by his acceptance of the TOS, the Court "must treat [the Arbitration Clause] as valid under § 2, and must enforce it under [9 U.S.C.] §§ 3 and 4, leaving any challenge to the validity of the [agreement] as a whole for the arbitrator." *Rent-A-Ctr.*, 561 U.S. at 72.

Based on the record before the Court, the Court finds that Defendant is entitled to a stay of this case pending Plaintiff's pursuit of his claims in an appropriate arbitral forum.

## CONCLUSION

As outlined above, Defendant's Motion to Compel Arbitration (Doc. No. 3) is GRANTED.  Based upon the directive of 9 U.S.C. § 3, this action is stayed pending the completion of arbitration of all claims brought by Plaintiff Dwayne Morris against Defendant Airbnb, Inc.  By separate order, this case shall be administratively closed while the stay remains in effect.

IT IS SO ORDERED this 30th day of September, 2020.

CHARLES B. GOODWIN
United States District Judge